Able Transfer Co. v. William E. Dee Co., 192 Ill. App. 14.

separate maintenance proceedings, the court cannot take judicial notice of the record in the original proceeding.

---

Able Transfer Company, Defendant in Error, v. William E. Dee Company, Plaintiff in Error.

### Gen. No. 19,451.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and judgment here. Opinion filed February 4, 1915.

### Statement of the Case.

Action by Able Transfer Company, a corporation, against William E. Dee Company to recover a balance of two hundred dollars alleged to be due under a written agreement for the sale of an engine and generator. From a judgment for two hundred dollars against defendant in favor of plaintiff, defendant brings error.

Plaintiff shipped an engine and a generator to defendant for which three hundred dollars was to be paid at the signing of the contract and the balance of two hundred dollars to be paid when engine and generator were tested and found to be in satisfactory

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

condition. Shortly after the receipt of the machine defendant tested the same and notified the plaintiff that it was not in a satisfactory condition, stating that it would put it in a satisfactory condition at the expense of plaintiff. The defendant not hearing from the plaintiff thereafter expended two hundred dollars in rewinding the armature of the generator and putting the machine in a satisfactory condition. Defendant never offered to rescind the contract of sale or to return the engine and generator to the plaintiff and it has since continued to operate the same at its place of business. Plaintiff sued to recover the unpaid balance of two hundred dollars alleged to be due under the contract of sale.

JOHN M. QUINLAN, for plaintiff in error.

DONALD MCEACHERN, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 235*—*form and requisites of express warranty.* No particular form of words is necessary to constitute an express warranty in a sale, but it is a question of intention to be gathered from the words used and from the circumstances and subject-matter of the case.

2. SALES, § 237*—*representation of facts constituting warranty as opposed to matters of opinion.* Where in a sale a representation is positive and relates to a matter of fact it constitutes a warranty, but where the representation relates to that which is a matter of opinion merely, it does not constitute a warranty.

3. SALES, § 238*—*language constituting warranty of machine.* Where a contract of sale expressly provided that a balance of two hundred dollars should be paid "when engine and generator are tested and found to be in satisfactory condition," *held* the language constituted a warranty that the machine would be in a satisfactory condition when delivered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SALES, § 389*—*right of recoupment for breach of warranty.* Where a contract expressly provided that a balance of two hundred dollars was to be paid when an engine and generator were tested and found to be in satisfactory condition and the plaintiff failed to deliver the machine in a satisfactory condition, there was a breach of warranty on the part of the plaintiff so that under the circumstances the defendant was not required to rescind the contract and to return the machine, but had the right to recoup the damages sustained by reason of the breach in an action for the balance due on the machine.

5. SALES, § 389*—*right to recoup for breach of express warranty.* Where it was not denied by the plaintiff that the defendant after the receipt of a machine was compelled to expend two hundred dollars in putting the same in a satisfactory condition, and it was not disputed by the plaintiff that the repairs were proper and necessary under the warranty, if the contract contained such an alleged warranty, *held* that upon finding such a warranty to exist, judgment should have been entered in favor of defendant for costs rather than in favor of plaintiff for two hundred dollars as a balance due for machinery sold and delivered on a written contract.